CHILDRESS & JACKSON, LLC
280 South Harrison Street, Suite 200
East Orange, New Jersey 07018
(973) 678-5038
Attorneys for Defendant: Chikodiri Ndukwe
LWC/sw      #9331

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UCHENNA CYNTHIA NDUKWE, | CIVIL ACTION: 2:09-cv-06443-SDW-MCA |
|---|---|
| Plaintiff, | |
| v. | |
| CHIKODIRI NDUKWE, | **ANSWER TO COMPLAINT AND COUNTERCLAIM** |
| Defendant. | |

Defendant, Chikodiri Gibson (improperly pled as Chikodiri Ndukwe) residing at 10 Harbor Front Court, Elizabeth, New Jersey 07206, by way of Answer to Plaintiff's Complaint says:

1. Defendant admits that Plaintiff is a citizen of Nigeria but is without sufficient information so as to form a belief as to her current residence.

2. Defendant, Chikodiri Ndukwe, admits the allegations set forth in Paragraphs 2 though 6 of plaintiff's Complaint.

### JURISDICTION & VENUE

3. Defendant, Chikodiri Ndukwe, denies the allegations set forth in Paragraphs 7 of Plaintiff's Complaint.

4. Defendant, Chikodiri Ndukwe admits that the Complaint purports to assert jurisdiction pursuant to 28 U.S.C. §332(a) and claims the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and the parties are of different states.

5. Defendant, Chikodiri Ndukwe admits that the Complaint purports to assert that venue in this case is proper pursuant to 28 U.S.C. §139(b)(1).

## AS TO COUNT I

**TRAFFICKING INVOLUNTARY SERVITUDE AND FINANCIAL EXPLOITATION EXPLOITATION IN VIOLATION OF FEDERAL CRIMINAL LAW**

6. Defendant, Chikodiri Ndukwe, is without knowledge or sufficient information so as to form a belief as to the allegations set forth in Paragraphs 11 though 13 of the First Count of the Plaintiff's complaint.

7. Defendant, Chikodiri Ndukwe, admits that Plaintiff's family is part of the Ibo Tribe in Nigeria but has no knowledge of her relationship with Patrick Ukaigwe and thus leaves Plaintiff to her proofs with respect to the remaining the allegations set forth in Paragraph 14 of the First Count of Plaintiff's Complaint.

8. Defendant, Chikodiri Ndukwe, is without knowledge or sufficient information so as to form a belief as to the allegations set forth in Paragraph 15 of the First Count of the Plaintiff's Complaint.

9. Defendant, Chikodiri Ndukwe, denies the allegations set forth in Paragraphs 16 though 18 of the First Count of the Plaintiff's Complaint.

10. Defendant, Chikodiri Ndukwe, is without knowledge or sufficient information so as to form a belief as to the allegations set forth in Paragraph 19 of the First Count of the Plaintiff's Complaint.

11. Defendant, Chikodiri Ndukwe, denies the allegations set forth in Paragraph 20 of the First Count of the Plaintiff's Complaint.

12. Defendant, Chikodiri Ndukwe, is without knowledge or sufficient information so as to form a belief as to the allegations set forth in Paragraphs 21 and 22 of the First Count of the Plaintiff's Complaint.

13. Defendant, Chikodiri Ndukwe, denies the allegations set forth in Paragraph 23 of the First Count of the Plaintiff's Complaint.

14. Defendant, specifically denies that Plaintiff admission into the United States was through the use of her passport and I-551 green card as set forth in Paragraph 24 and 25 of Plaintiff's Complaint.

15. While admitting picking Plaintiff up upon her arrival at Newark International Airport and taking her to her residence at 150 Belmont Avenue, Jersey City Defendant denies that Plaintiff was ever house bound as set forth in Paragraph 25 of Plaintiff's Complaint.

16. Defendant, Chikodiri Ndukwe, denies the allegations set forth in Paragraph 27 of the First Count of the Plaintiff's Complaint.

17. Defendant, Chikodiri Ndukwe, is without knowledge or sufficient information so as to form a belief as to the allegations set forth in Paragraph 28 of the First Count of the Plaintiff's Complaint.

18. Defendant, Chikodiri Ndukwe, denies the allegations set forth in Paragraph 29 of the First Count of the Plaintiff's Complaint.

19. Defendant, Chikodiri Ndukwe, is without knowledge or sufficient information so as to form a belief as to the allegations set forth in Paragraph 30 of the First Count of the Plaintiff's Complaint.

20. Defendant, Chikodiri Ndukwe, denies the allegations set forth in Paragraphs 31 through 45 of the First Count of the Plaintiff's Complaint.

21. Defendant, Chikodiri Ndukwe, is without knowledge or sufficient information so as to form a belief as to the allegations set forth in Paragraph 45 of the First Count of the Plaintiff's Complaint.

22. Defendant while admitting that Plaintiff moved out of the home owned by Defendant, denies that said move had anything to do with exploitation.

23. Defendant, Chikodiri Ndukwe, is without knowledge or sufficient information so as to form a belief as to the allegations set forth in Paragraph 48 of the First Count of the Plaintiff's Complaint.

24. Defendant, Chikodiri Ndukwe, denies the allegations set forth in Paragraph 49 of the First Count of the Plaintiff's Complaint.

25. Defendant, Chikodiri Ndukwe, while admitting that Plaintiff was listed as a dependent on her tax return for three (3) tax years denies the remaining allegations set forth in Paragraph 50 of Plaintiff's Complaint.

26. Defendant, Chikodiri Ndukwe, denies the allegations set forth in Paragraphs 51 through 53 of the First Count of the Plaintiff's Complaint.

27. Defendant, Chikodiri Ndukwe, admits the allegations set forth in Paragraph 54 of the First Count of Plaintiff's Complaint.

28. Defendant while admitting that the 26 Winans Street residence could no longer be lived in by virtue of the City of East Orange's declaration denies that Plaintiff was directed to reside at 126 Port Avenue.

29. Defendant, Chikodiri Ndukwe, denies the allegations set forth in Paragraphs 56 and 57 of the First Count of the Plaintiff's Complaint.

30. Defendant, Chikodiri Ndukwe, is without knowledge or sufficient information so as to form a belief as to the allegations set forth in Paragraph 58 of the First Count of the Plaintiff's Complaint.

31. Defendant, specifically denies the allegation set forth in Paragraph 59 of Plaintiff's Complaint inasmuch as Plaintiff was legally evicted from the premises for non-payment of rent.

32. Defendant, Chikodiri Ndukwe, denies the allegations set forth in Paragraphs 60 through 62 of the First Count of Plaintiff's Complaint.

33. Defendant, Chikodiri Ndukwe, denies the allegations set forth in Paragraphs 63 and 65 of the First Count of Plaintiff's Complaint.

34. Defendant, Chikodiri Ndukwe, admits the allegations set forth in Paragraph 66 of the First Count of Plaintiff's Complaint except that she is without knowledge or sufficient knowledge so as to form a belief as to Plaintiff entered the Pre-Trial in her venue program without a plea of guilty.

35. Defendant, Chikodiri Ndukwe, admits the allegations set forth in Paragraph 67 of the First Count of Plaintiff's Complaint.

36. Defendant, Chikodiri Ndukwe, denies the allegations set forth in Paragraphs 68 through 70 of the First Count of the Plaintiff's Complaint.

**WHEREFORE,** Defendant demands judgment dismissing the complaint in its entirety together with reasonable attorneys fees and costs.

## AS TO COUNT II

### MALICIOUS PROSECUTION UNDER NEW JERSEY LAW

37. Defendant repeats and reiterates its answer to paragraphs 1-70 as if fully set forth herein at length.

38. Defendant, Chikodiri Ndukwe, denies the allegations set forth in Paragraphs 72 through 74 of the Second Count of the Plaintiff's Complaint.

**WHEREFORE,** Defendant demands judgment dismissing the complaint in its entirety together with reasonable attorneys fees and costs.

## AS TO COUNT III

### CONVERSION UNDER NEW JERSEY LAW

39. Defendant repeats and reiterates its answer to paragraphs 1-74 as if fully set forth herein at length.

40. Defendant, Chikodiri Ndukwe, denies the allegations set forth in Paragraphs 78 through 81 of the Third Count of the Plaintiff's Complaint.

**WHEREFORE,** Defendant demands judgment dismissing the complaint in its entirety together with reasonable attorneys fees and costs.

CHILDRESS & JACKSON, LLC
Attorneys for Defendant:
Chikodiri Ndukwe

DATED: MARCH 8, 2010    BY: _____
LOUIS W. CHILDRESS, JR.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint must be dismissed due to lack of jurisdiction over the subject matter.

2. Plaintiff's Complaint must be dismissed because of lack of jurisdiction over the person.

3. Plaintiff's Complaint must be dismissed for failure to state a claim for which relief can be granted.

5

4. The Complaint is barred by the doctrines of waiver and estoppel.

5. The Complaint is time-barred by virtue of the applicable statue of limitations.

6. Plaintiff is estopped from favorable adjudication of this Complaint under the doctrine of unclean hands and her own criminal misconduct.

7. The Complaint is barred under the doctrine of laches.

8. The Complaint must be dismissed because Defendant received no benefit or anything of value from Plaintiff.

9. The Complaint must be dismissed by virtue of Plaintiff's illegal and fraudulent conduct including but not limited to illegal use of Defendant's name to gain employment theft of Defendant's military identification, opening of accounts utilizing Defendant's name, significant damage to Defendant's credit as a result of opening bank accounts in Defendant's name, delinquent medical bills created as a result of Plaintiff's theft and use of Defendant's name false issuance of W2's in Defendant's name for which she was compelled to report same to the Internal Revenue Service, and theft of funds from Defendant's bank account.

**WHEREFORE,** Defendant Chikodiri Ndukwe prays that the Court:

1. Dismiss the Complaint with prejudice.

2. Award to Defendant reasonable attorneys fees and costs of suit.

3. Award to Defendant such further relief as the Court deems just and proper.

### COUNTERCLAIM

### COUNT ONE

1. Plaintiff Uchenna Cynthia Ndukwe has instituted an action against Defendant Chikodiri Ndukwe for trafficking, involuntary servitude and financial exploitation, and claims for malicious prosecution, commission and intentional infliction of emotional distress under New Jersey Law.

2. Defendant denies any liability with respect to Plaintiff's claims.

3. Plaintiff knowingly and intentionally fraudulently engaged in the unauthorized use of Defendant's, Counterclaimants personal identifying information causing her to suffer an ascertainable loss of money, property and credit standing in violation of N.J.S.A. 2C:21-1 et seq, N.J.S.A. 2C:21-17 et seq.

**WHEREFORE**, Defendant counterclaimant Chikodiri Ndukwe demands judgement in its favor and against the Plaintiff for an order:

(A) Awarding Defendant Counterclaimant compensatory and punitive damages;

(B) Awarding Defendant Counterclaimant reasonable attorneys fees and costs associated with clearing her credit history or credit rating; and

(C) Such other relief as the Court deems just and equitable.

### COUNT TWO

4. Defendant counterclaimant repeats and re-alleges each and every allegation contained in Paragraphs 1 through 3 of this Counterclaim as if set forth fully herein at length.

5. Plaintiff's knowingly, intentionally engaged in fraud through the unauthorized use of Defendant Counterclaimant's military identification card bearing her social security number and using her name to open bank accounts and to obtain credit which caused her to suffer an ascertainable loss of money, property and credit standing.

**WHEREFORE**, Defendant counterclaimant Chikodiri Ndukwe demands judgement in its favor and against the Plaintiff for an order:

(A) Awarding Defendant counterclaimant compensatory and punitive damages;

(B) Awarding Defendant counterclaimant reasonable attorneys fees and costs associated with clearing her credit history or credit rating; and

(C) Such after relief as the Court deems just and equitable.

### COUNT THREE

6. Plaintiff willfully deprived Defendant Counterclaimant of her military identification card bearing her social security number, opened bank account(s) using Defendant Counterclaimant's name, passed herself off as Chikodiri Ndukwe

in order to obtain employment and caused Defendant Counterclaimant's credit rating to be adversely affected.

7. Plaintiff illegally exercised dominion and control over Defendant Counterclaimant's property and property rights and converted same to her own use.

**WHEREFORE**, Defendant counterclaimant Chikodiri Ndukwe demands judgement in its favor and against the Plaintiff for an order:

(A) Awarding Defendant counterclaimant compensatory and punitive damages;

(B) Awarding Defendant counterclaimant reasonable attorneys fees and costs associated with clearing her credit history or credit rating; and

(C) Such after relief as the Court deems just and equitable.

CHILDRESS & JACKSON, LLC
Attorneys for Defendant
Counterclaimant: Chikodiri Ndukwe

DATED: MARCH 8, 2010        BY: _____
                                LOUIS W. CHILDRESS, JR.